UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**ANTHONY DAVIS GARNER,**
   **Petitioner,**

v.                  Civil Action No. 2:04cv507
                     Criminal Action No. 2:02cr134

**UNITED STATES OF AMERICA,**
   **Respondent.**

## ORDER AND OPINION

  Currently before the court is Anthony Davis Garner's petition to vacate, set aside or correct a sentence previously imposed, pursuant to Title 28, United States Code Section 2255. The petition is timely within the requirements of the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214 (1996). The petitioner argues that his sentence was unconstitutionally enhanced based on crimes for which he was not found guilty, and that he received ineffective assistance of counsel. Because the record conclusively demonstrates that the petitioner is not entitled to relief, the court declines to hold an evidentiary hearing. See R. Governing § 2255 Proceedings in U.S. Dist. Cts. 8(a). For the reasons set forth below, Garner's petition is **DENIED**.

**I. Factual Background**

  Petitioner was charged with two felony counts resulting from a police raid on the crack cocaine trafficking operation based out of his house: Count One, possession with intent to distribute 20.41 grams of cocaine base, in violation of Title 18, United States Code Sections

841(a)(1) and (b)(1)(B)(iii); and Count Two, possession of a firearm in furtherance of a drug trafficking offense, in violation of Title 18, United States Code Section 924(c)(1). Petitioner's trial began on August 29, 2002 and concluded on August 30, 2002. The jury found petitioner guilty as to Count 1 and not guilty as to Count 2. A sentencing hearing was scheduled for February 3, 2003 and a presentence report was prepared.

The United States filed a position paper on January 3, 2003, agreeing with the sentencing recommendation of the presentence report. On January 16, 2003, petitioner filed his position paper with respect to the presentence report, including objections to his criminal history and to certain enhancements that had been applied to his offense level. Petitioner filed a motion for downward departure from the sentencing guidelines on January 24, 2003, to which the United States responded in opposition on January 31, 2003.

On February 3, 2003, this court found that the two-level enhancement applied to petitioner in his presentence report for taking a leading role in the offense was unwarranted. This court denied petitioner's motion for downward departure, finding that his criminal history was not overstated and that criminal history category II was appropriate in light of the fact that he had committed the instant offense while on good behavior from a previous conviction and had previously been convicted of driving with a suspended license. Based on the court's rulings, petitioner's total offense level was 30, and his criminal history category was II, making his guideline range 108-135 months. This court sentenced petitioner to 110 months of imprisonment and five years supervised release following his release from confinement.

Petitioner filed notice of appeal to the Fourth Circuit on February 4, 2003. His conviction was affirmed by the Fourth Circuit in an unpublished per curiam decision on July 22, 2003.

## II. Procedural History

On or about August 18, 2004, petitioner filed the instant petition to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. In his petition, he alleges that his punishment was unconstitutionally enhanced by sentencing factors of which he was not convicted, in violation of the Sixth Amendment right to trial. He additionally alleges that he received ineffective assistance of counsel when his attorney, Larry Shelton, failed to object to a leading question during the sentencing hearing and failed to subpoena the confidential informant who had helped police gather evidence.

Because this petition does not require a response from the United States, this court has declined to order one. See R. Governing 2255 Proceedings in U.S. Dist. Cts. 4(b).

## III. Standard of Review

A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the United States Constitution or laws, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. An evidentiary hearing is not required in this case because the case file, along with the court's recollection of the case, are adequate to dispose of the matter. See R. Governing § 2255 Proceedings in U.S. Dist. Cts 8(a); Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

A collateral attack under § 2255 is far more limited than an appeal. The doctrine of procedural default bars the consideration of a claim that was not raised at the appropriate time

during the original proceedings or on appeal. A collateral challenge is not intended to serve the same functions as an appeal. United States v. Frady, 456 U.S. 152, 165 (1981). There are two instances, however, when a procedurally defaulted claim may be considered on collateral review. The first instance is when a petitioner shows both cause and actual prejudice resulting from the alleged error. Id. at 167. See also Wainwright v. Sykes, 433 U.S. 72, 84 (1977); United States v. Mikalajunas, 186 F.3d 490, 492-95 (4th Cir. 1999). The petitioner must demonstrate "that the error worked to his 'actual and substantial disadvantage,' not merely that the error created a 'possibility of prejudice.'" Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 494 (1986)). Alternatively, if a petitioner can demonstrate that he is actually innocent, then the court should also issue a writ of habeas corpus in order to avoid a miscarriage of justice, regardless of whether the claim was procedurally defaulted. See Schlup v. Delo, 513 U.S. 298, 321 (1995). A claim of ineffective assistance of counsel may, however, be properly brought on a § 2255 petition. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). In the instant case, the petitioner has not alleged that he is actually innocent of the crimes for which he was convicted, therefore he must demonstrate both cause and prejudice as a result of the errors he alleges here and did not raise on appeal. For those issues that were properly raised on appeal, petitioner still bears the burden of proving that his sentence was imposed unlawfully or in violation of his constitutional rights.

**IV.     Analysis**

A.     Sentencing Enhancements

Garner claims that his sentence was unconstitutional because it was enhanced by

sentencing factors that involved crimes to which he did not plead guilty and was not convicted. Petitioner specifically objects to a two-level enhancement under U.S.S.G. § 2D1.1(b)(1), for possession of a firearm during a drug trafficking offense.

Section 2D1.1(b)(1) of the United States Sentencing Guidelines provides that if the defendant possessed a dangerous weapon during the commission of a drug trafficking offense, his offense level should be increased by two points. During the execution of a search warrant of petitioner's home, petitioner informed the police that he owned a firearm, and the police recovered his gun from a shoe box in the closet of his bedroom. During petitioner's sentencing, this court found that the guidelines had been correctly calculated based on the firearm recovered from petitioner's home.

Petitioner claims that because he was acquitted at his trial of possession of a firearm in furtherance of a drug trafficking offense, it was unconstitutional to enhance his sentence by including that activity. Petitioner raised this issue on appeal, claiming that because the firearm was found in a box in a bedroom closet and was unloaded, it does not fall within the purview of § 2D1.1(b)(1). The Fourth Circuit has consistently held that, "[i]n order to prove that a weapon was present, the Government need only show that the weapon was possessed during the relevant illegal drug activity." United States v. McAllister, 272 F.3d 228, 234 (4th Cir. 2001). In rejecting petitioner's appeal as to this issue, the Fourth Circuit held to this line of reasoning. As petitioner has admitted that he owned the gun in question, and it was found in close proximity to the drugs that were also found in his bedroom, there is no evidence that this enhancement was improperly applied.

Petitioner also alleges that the amount of crack cocaine attributed to him was incorrect.

5

He bases this assertion on a police report indicating that approximately 6.0 grams of crack were found in petitioner's shoe. However, the indictment charges–and petitioner was convicted of–possession with intent to distribute 20.41 grams of crack cocaine. The evidence adduced at trial was sufficient to support a jury's finding that the amount of crack cocaine recovered from petitioner's shoe was indeed 20.41 grams. Other than this single police report, which was based solely on one officer's visual estimation of quantity, petitioner has provided no evidence that the quantity of crack cocaine charged in the indictment, introduced into evidence at trial, and used to calculate his sentence was anything other than 20.41 grams. At sentencing, petitioner was specifically not attributed with the additional amount of crack cocaine that had been found outside the window of his bedroom during the police raid.

Nevertheless, petitioner alleges, however, that in light of the Supreme Court's decisions in Blakely v. Washington, 124 S.Ct. 2531 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000), these sentencing enhancements were unconstitutional. In Blakely, the Supreme Court extended its ruling in Apprendi. In Apprendi, the Court held that a judge may not increase a sentence above the statutory maximum unless that sentence is based on the factual findings of the jury or the admissions of the defendant. Id. at 483. The Court in Blakely reasoned that, for the purposes of Apprendi, the statutory maximum is not the maximum possible sentence for a crime, but only the maximum sentence that could be imposed based on the factors that were determined beyond a reasonable doubt by a jury or admitted by the defendant. Blakely, 124 S.Ct. at 2537.

Petitioner's argument that Apprendi applies to the drug weights he was attributed with is simply false. The drug weight that petitioner was convicted of, 20.41 grams of crack cocaine, is the same weight charged by the grand jury in the indictment and the same weight used to

6

calculate petitioner's sentence. That a police officer at the scene of petitioner's arrest may have been mistaken about the quantity of drugs found is immaterial. This argument, therefore, is frivolous. The court will, however, address petitioner's claim that the firearm enhancement was unconstitutional in light of Blakely.

The Court in Blakely addressed the sentencing guidelines used by the state of Washington, and specifically declined to address whether its holding applied to the federal sentencing guidelines. Id. at 2538 n.9. Assuming, arguendo, that petitioner would have alleged a violation of United States v. Booker, 125 S.Ct. 738 (2005) had that case been decided at the time of his petition, this court will address petitioner's claim as though it were brought under Booker. The Court in Booker applied the holding of Blakely to the federal sentencing guidelines, determining that the mandatory nature of the guidelines violated the Sixth Amendment for the reasons stated in Blakely, but that Congress would have preferred an advisory guideline scheme to none at all. Booker, 125 S.Ct. at 745, 756. Thus, even though this petition was filed prior to the Court's decision in Booker, it is that decision, as opposed to Blakely, that is applicable to petitioner's sentence under the federal sentencing guidelines.

Because petitioner is collaterally attacking his final sentence, the court must determine if the rule announced in Booker may retroactively apply to the petitioner. Retroactivity comes into play where a criminal defendant has been found guilty and his conviction has become final prior to the announcement of the new rule. See Lilly v. United States, 342 F. Supp. 2d 532, 535 (W.D. Va. 2004). A conviction is final if "'the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition of certiorari ha[s] elapsed.'" Teague v. Lane, 489 U.S. 288, 295 (1989) (quoting Allen v. Hardy, 478 U.S. at 258 n.1 (1986)).

Petitioner's conviction clearly became final prior to the decision in Booker, and therefore he must show that the Supreme Court decision he wishes to take advantage of announced a new rule and the new rule is retroactive on collateral review. See id. at 308. A decision announces a new rule if the "result was not dictated by precedent existing at the time the defendant's conviction became final." Id. at 301. Although Blakely and Booker stemmed from the Court's holding in Apprendi, it does not appear that the result in Booker was dictated by precedent. The application of Apprendi to the sentencing enhancements in the guidelines was not foreseen by the courts of appeals after the Supreme Court decided Apprendi. See e.g., United States v. Sanders, 247 F.3d 139, 150 (4th Cir. 2001) (holding that the court can enhance sentences on the basis of judicially determined facts so long as the statutory maximum is not exceeded); Lilly, 342 F. Supp. 2d at 537 n.3 (citing similar decisions from the other courts of appeals).

Assuming then, that the decision announced in Blakely and extended to the federal sentencing guidelines in Booker was a new rule, there is only a narrow class of cases to which the new rule will apply retroactively on collateral rule. See Schriro v. Summerlin, 124 S.Ct. 2519, 2522 (2004). The petitioner must either show that the new rule is substantive, rather than procedural, or that the new rule is a "watershed rule of criminal procedure." Id. at 2523.

It is undisputed that the rule announced in Booker is procedural rather than substantive. No conduct that was forbidden prior to Booker is permitted today. Booker only "regulates the manner of determining the defendant's culpability." Summerlin, 124 S.Ct. at 2523. Booker does not involve the substantive determination of what conduct is lawful or unlawful. Moreover, the rule announced in Apprendi, 530 U.S. 466 (2000), upon which Booker relied, has been determined to constitute a procedural rule that does not apply retroactively on collateral review.

See Summerlin, 124 S.Ct. at 2523; Sanders, 247 F.3d at 151 (finding that the rule announced in Apprendi does not apply retroactively on collateral review).

A procedural decision may apply retroactively if it establishes one of the rare "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Summerlin, 124 S.Ct. at 2523; Teague, 489 U.S. at 311 (1989). In order to constitute such a rule, the decision must "so seriously diminish 'accuracy that there is an impermissibly large risk' of punishing conduct the law does not reach." Summerlin, 124 S.Ct. at 2525 (quoting Teague, 489 U.S. at 312-13).

The rule announced in Booker is not such a watershed change. As the Seventh Circuit has recently described:

> Booker does not in the end move any decision from judge or jury, or change the burden of persuasion. The remedial portion of Booker held that decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the [S]ixth [A]mendment so long as the guidelines system has some flexibility in application.

McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005).

There is nothing in either Blakely or Booker to suggest that the Supreme Court intended to overrule the numerous cases holding that Apprendi does not apply retroactively on collateral review. This determination is in accord with numerous other courts that have addressed the issue of retroactivity, either in the immediate wake of the Blakely decision, or following the more recent decision in Booker. See id.; Lilly, 342 F.Supp. at 538-39 n.5 (citing the cases). Each circuit that has addressed the issue of retroactivity in the wake of Booker has determined that the rule announced in that decision is not applicable on collateral review. See Lloyd v. United States, No. 04-3549, 2005 WL 1155220, *5 (3d Cir. May 17, 2005); Guzman v. United States,

404 F.3d 139, 144 (2d Cir. Apr. 8, 2005); United States v. Price, 400 F.3d 844, 849 (10th Cir. Mar. 8, 2005); Humphress v. United States, 398 F.3d 855, 863 (6th Cir. Feb. 25, 2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir. Feb. 17, 2005); McReynolds, 397 F.3d at 491. See also United States v. Johnson, 353 F. Supp. 2d 656, 657-58 (E.D. Va., Jan. 21, 2005).

Petitioner's reliance upon the rule outlined in Booker is misplaced. Booker is not retroactively applicable to petitioner's sentence, and therefore his claim of unconstitutional enhancement of his sentence is dismissed.

Petitioner also objects to the fact that his criminal history category was increased from I to II as a result of his committing the instant offense while on good behavior from a prior conviction and as a result of a traffic violation in 2001. Petitioner avers that, as he is attempting to have the traffic violation expunged from his record, his criminal history was improperly designated as category II. Leaving aside the fact that petitioner has offered no proof that the violation has actually been expunged, petitioner's argument lacks merit, as he received two criminal history points for committing his crime while on good behavior, which brings him into criminal history category II even without the one-point increase for the traffic infraction.

In moving for downward departure at sentencing, petitioner raised this issue, claiming that his criminal history had been overstated because he had not committed any violent crimes. However, the Fourth Circuit has repeatedly rejected the notion that criminal history points added based on committing the offense while on probation or parole, including unsupervised probation, may be offset by way of a downward departure. See United States v. Weddle, 30 F.3d 532, 536 (4th Cir. 1994) ("The fact that [the defendant received points for committing the offense while on probation or parole] does not mean that the defendant's criminal history has been overstated.")

(quoting United States v. Summers, 893 F.2d 63, 68 (4th Cir. 1990)). Petitioner has failed to demonstrate cause for not raising this issue on appeal. Furthermore, he has failed to demonstrate that the increase in his criminal history was unwarranted in light of Weddle and Summers. His claim on this issue, therefore, is dismissed.

B.     Ineffective Assistance of Counsel

The Sixth Amendment provides, in relevant part, that: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. The Sixth Amendment right to counsel includes the right to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). The Supreme Court's standard for assessing ineffective assistance of counsel claims is "highly deferential." Id. See Kimmelman v. Morrison, 477 U.S. 365, 382 (1986) (discussing the Strickland standards). There are two prongs to the Strickland test: performance and prejudice. To establish a claim for ineffective assistance of counsel, petitioner must prove both: (1) that his attorney's conduct fell below an objective standard of reasonableness; and (2) that the attorney's deficient performance caused him prejudice. Strickland, 466 U.S. at 687-91.

Actual prejudice is demonstrated by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would be different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Under Strickland, "there exists a strong presumption that counsel's conduct was within a wide range of reasonably professional conduct, and courts must be highly deferential in scrutinizing counsel's performance." Kratsas v. United States, 102 F. Supp. 2d 320, 322 (D. Md. 2000) (citing Strickland, 466 U.S. at 688-89). Most importantly, the burden of proof lies with the

petitioner.  United States v. Allgood, 48 F. Supp. 2d 554, 558 (E.D. Va. 1999).  A petitioner's conclusory statements will not suffice to prove that there is a reasonable probability that the outcome of his trial would have been different in the absence of his counsel's alleged errors.

Petitioner alleges two examples of his attorney's alleged ineffective assistance. He claims that his attorney, Larry Shelton, was ineffective in failing to object to a leading question asked by the Assistant United States Attorney at sentencing and in failing to subpoena the government's confidential informant, who had provided the police with the information they needed in order to obtain a warrant.

As to the allegation that Mr. Shelton failed to object to a leading question, petitioner's argument is misplaced.  Although FED. R. EVID. 611(c) prohibits the use of leading questions on direct examination of a witness, Rule 1101(d)(3) specifically notes that the Rules of Evidence are not applicable to sentencing proceedings.  The specific question to which petitioner claims his attorney should have objected was asked by the government at petitioner's sentencing.  Even had the prohibition against leading questions applied at that hearing, the question itself introduced no new evidence to the case, as it was only asked to clarify the witness's answer to a question asked by the court about the location of petitioner's gun at the time of the raid on his house.  The evidence that the gun was found in a shoebox in petitioner's closet had already been adduced at petitioner's trial and was on the record.  Furthermore, whether the gun was found in his closet or in a credenza is entirely secondary to the fact that the gun was found near petitioner.

Petitioner further alleges that his attorney was ineffective in failing to subpoena as a witness the confidential informant that the police had used to purchase drugs on two occasions from the petitioner's house.  Specifically, petitioner alleges that testimony adduced at his

12

sentencing indicating that the police were aware that he owned a gun because of information received from the confidential informant demonstrates that were he given the right to confront this informant, he would have been successful in excluding evidence of any firearm. In support of this assertion, petitioner relies upon the decision in Crawford v. Washington, 541 U.S. 36 (2004), in which the Supreme Court held that the Confrontation Clause of the Constitution barred out-of-court statements by witnesses that are testimonial from being admitted, unless witnesses are unavailable and defendants had an opportunity to cross-examine them at a prior hearing. Id. at 53-54. Petitioner's reliance on Crawford is misplaced, though, as petitioner admitted to the police at the time of the raid that he owned a gun. Even had he not admitted so, there is little doubt that the police would have found the weapon, which was in a shoebox in a closet of the bedroom in which petitioner was arrested.

Even if petitioner had the right to confront in court the confidential informant used by the government in his case, he failed to raise this issue on appeal. Although petitioner claims that his reason for failing to appeal this issue is that his attorney failed to advise him of it, he provides no evidence that, had his attorney subpoenaed this witness, the result of his trial or sentencing would be any different. The evidence against petitioner was significant, and there is no reason to believe that questioning the confidential informant would have resulted in a different verdict or sentence for petitioner.

Although petitioner alleges certain errors that his counsel committed, he fails to demonstrate that those errors meet the Strickland standard. Petitioner's defense counsel acted professionally and competently during the proceedings. Moreover, even had he acted as petitioner claims he should have acted, the result of the proceedings would have been the same.

13

Petitioner has demonstrated no facts by which this court might determine that he received ineffective assistance of counsel. Accordingly, petitioner's claim of ineffective assistance of counsel is dismissed.

## V.     Conclusion

For the reasons discussed above, the petition is **DENIED** and **DISMISSED**. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is **DENIED**.

The Clerk is **REQUESTED** to send a copy of this Order to the petitioner, to his counsel, and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800, 101 West Main Street, Norfolk, Virginia 23510 .

The petitioner is **ADVISED** that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.  Said written notice must be received by the Clerk within sixty (60) days from the date of this Order.

It is so **ORDERED**.

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

July 8, 2005
Norfolk, Virginia